**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BELINDA SMITH, on behalf of herself and all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMAND** |
| JOVIA FINANCIAL CREDIT UNION, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff Belinda Smith, on behalf of herself and all persons similarly situated brings this class action complaint against Jovia Financial Credit Union ("Jovia" or "Credit Union"), and alleges the following:

**INTRODUCTION**

1.    When consumers open a checking account with their Credit Union, they have to enter into a standard contract written by the Credit Union and its lawyers. All the Credit Union has to do is honor the contract it wrote and comply with the terms it dictated.

2.    Jovia promises its customers that if their account balance drops too low to cover a particular "item," such as a check, withdrawal, or service charge, Jovia will charge the customer a single $30 insufficient funds fee ("NSF Fee") or overdraft fee ("OD Fee") per item. But as Ms. Smith and consumers all over the country have discovered, Jovia doesn't abide by this promise. Instead, Jovia routinely charges its customers multiple fees for the same item, driving their account balances deeper into negative territory.

1

3.      Jovia' customers have been injured by the Credit Union's improper practices to the tune of millions of dollars bilked from their accounts in violation Jovia' clear contractual commitments.

4.      Ms. Smith, on behalf of herself and two Classes of similarly situated consumers, seeks to end Jovia's abusive and predatory practices and force it to refund all of these improper charges. She asserts claims for breach of contract; breach of the covenant of good faith and fair dealing; violation of state consumer protection law; and/or unjust enrichment, and seeks damages, restitution, and injunctive relief, as set forth more fully below.

## PARTIES

5.      Belinda Smith is a citizen and resident of Freeport, New York, and holds a Jovia FCU checking account.

6.      Defendant Jovia Financial Credit Union is engaged in the business of providing retail Credit Union services to consumers, including Plaintiff and members of the putative Classes. Jovia has its headquarters in Westbury, New York.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because (1) the proposed Class is comprised of at least 100 members; (2) At least one member of the proposed class resides outside of New York; and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Jovia is subject to personal jurisdiction here and regularly conducts business in this District, and because a

substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**I.      JOVIA CHARGES MORE THAN ONE NSF FEE ON THE SAME ITEM**

9.      Jovia' Account Documents allow it to charge a *single* $30 NSF Fee or a *single* $30 OD Fee when an item is returned for insufficient funds or paid despite insufficient funds.

10.      Jovia breaches its contract by charging more than one $30 NSF Fee on the same item, since the contract explicitly states—and reasonable consumers understand—that the same item can only incur a single NSF or OD Fee.

11.      Jovia' abusive practices are not standard within the financial services industry. Indeed, major banks like JP Morgan Chase—the largest consumer bank in the country—charge one NSF Fee per item, even if that item is resubmitted for payment multiple times.[1] And while some other banks credit unions engage in the same practices as Jovia, they clearly disclose those charges in the deposit agreements with their customers.

12.      Jovia's Deposit Agreement does not say that Jovia repeatedly charges customers multiple fees on a single item. To the contrary, the Deposit Agreement indicates it will only charge a single NSF Fee or OD Fee on an item.

**A.      Plaintiff Smith's Experience.**

13.      In support of her claims, Plaintiff offers examples of fees that should not have been assessed against her checking account. As alleged below, Jovia: (a) reprocessed previously

---

[1] As indicated by Chase's printed disclosures, an "item" maintains its integrity even if multiple processes are affected on it: "If we return the same item multiple times, we will only charge you one Returned Item Fee for that item within a 30-day period."

declined items; and (b) charged an additional fee upon reprocessing, for a total assessment of *$60 in fees on each item.*

14.     On May 29, 2019, Plaintiff Smith attempted an ACH payment.

15.     Jovia rejected payment of that item due to insufficient funds in Plaintiff's account and charged her a $30 NSF Fee for doing so. Plaintiff does not dispute this initial fee, as it is allowed by Jovia's Deposit Agreement.

16.     Unbeknownst to Plaintiff, and without her request to Jovia to reprocess the item, however, the next day, on May 31, 2019, Jovia processed the same item yet again. Again, Jovia returned the item unpaid and charged Plaintiff *another* $30 NSF Fee for doing so.

17.     In sum, Jovia assessed Plaintiff $60 in fees in its failed effort to process a single payment.

18.     A similar pattern occurred on September 23, 2019 and September 25, 2019, when Jovia initially rejected payment of an ACH item due to insufficient funds in Plaintiff's account and then, two days later, without Plaintiff's request to Jovia to reprocess the item, Jovia re-processed the same item but this time paid it into overdraft and charged Plaintiff *another* $30 fee for doing so.

**B.      The Imposition of Multiple Fees on a Single Item Violates Jovia' Express Promises and Representations.**

19.     Jovia's Account Documents state that the Credit Union will assess a single fee of $30 for an item that is returned due to insufficient funds.

20.     According to the Fee Schedule, at most a *single* fee will be assessed when an item is returned or paid into overdraft:

| | |
|---|---|
| Item Returned Unpaid or Check Paid via Courtesy Payment (per item) | $30.00 |

Fee Schedule, Ex. A.

21.     The same check, automatic bill payment, or other electronic payment on an account

is not a new "item" each time it is rejected for payment then reprocessed, especially when—as

here—Plaintiff took no action to resubmit the item.

22.     The Account Documents do not say that the same item is eligible to incur multiple

fees. Indeed, the Jovia Deposit Agreement states:

> If a check, item or transaction is presented without sufficient funds in your
> account to pay it, we may, at our discretion, pay the item (creating an overdraft)
> or return the item for insufficient funds (NSF).

Deposit Agreement, Ex. B at 12.

23.     The disclosures never discuss a circumstance where Jovia may assess multiple fees

for an item that was returned for insufficient funds and later reprocessed one or more times

and returned again.

24.     Further, the Deposit Agreement never defines the word "item."

25.     Even if Jovia reprocesses an instruction for payment, it is still the same item. The

Credit Union's reprocessing is simply another attempt to effectuate an accountholder's

original order or instruction.

26.     As alleged herein, Plaintiff took only a single action to make a single payment; she

therefore created only one item and may be charged only a single fee.

27.     In sum, Jovia promises that one $30 NSF Fee or one $30 OD Fee will be assessed

"per item," and this must mean all iterations of the same instruction for payment. As

such, Jovia breached the contract when it charged more than one fee per item.

28.     Taken together, the representations and omissions identified above convey to

customers that all submissions for payment of the same transaction will be treated as

5

the same "item," which the Credit Union will either pay (resulting in an overdraft item) or return (resulting in a returned item) when it decides there are insufficient funds in the account. Nowhere does Jovia disclose that it will treat each reprocessing of a check or ACH payment as a separate item, subject to additional fees, nor do Jovia customers ever agree to such fees.

29.    Customers reasonably understand, based on the language of the Account Documents, that the Credit Union's reprocessing of checks or ACH payments are simply additional attempts to complete the original order or instruction for payment, and as such, will not trigger additional NSF Fees. In other words, it is always the same item.

30.    Banks and credit unions like Jovia that employ this abusive multiple fee practice know how to plainly and clearly disclose it. Indeed, other banks and credit unions that do engage in this abusive practice disclose it expressly to their accountholders— something Jovia never did.

31.    For example, First Hawaiian Bank engages in the same abusive practices as Jovia, but at least currently discloses it in its online Banking agreement, in all capital letters, as follows:

YOU AGREE THAT MULTIPLE ATTEMPTS MAY BE MADE TO SUBMIT A RETURNED ITEM FOR PAYMENT AND THAT **MULTIPLE FEES MAY BE CHARGED TO YOU AS A RESULT OF A RETURNED ITEM AND RESUBMISSION**.

*Terms and Conditions of FHB Online Services*, First Hawaiian Bank 40, https://www. fhb.com/ en/assets/File/Home_Banking/FHB_Online/Terms_and_Conditions_of_FHB_Online_Services_ RXP1.pdf (last accessed September 25, 2019) (emphasis added).

32.    Klein Bank similarly states in its online banking agreement:

6

> [W]e will charge you an NSF/Overdraft Fee each time: (1) a Bill Payment (electronic or check) is submitted to us for payment from your Bill Payment Account when, at the time of posting, your Bill Payment Account is overdrawn, would be overdrawn if we paid the item (whether or not we in fact pay it) or does not have sufficient available funds; or (2) we return, reverse, or decline to pay an item for any other reason authorized by the terms and conditions governing your Bill Payment Account. **We will charge an NSF/Overdraft Fee as provided in this section regardless of the number of times an item is submitted or resubmitted to us for payment, and regardless of whether we pay the item or return, reverse, or decline to pay the bill payment.**

*Consumer and Small Business Online Access Agreement*, Klein Bank ¶ H, https://www.klein bankonline.com/bridge/disclosures/ib/disclose.html (last accessed September 25, 2019) (emphasis added).

33.    Central Pacific Bank, a leading bank in Hawai'i, states in its Fee Schedule under the "MULTIPLE NSF FEES" subsection: "Items and transactions (such as, for example, checks and electronic transactions/payments) returned unpaid due to insufficient/non-sufficient ("NSF") funds in your account, may be resubmitted one or more times for payment, and a $30 fee will be imposed on you each time an item and transaction resubmitted for payment is returned due to insufficient/nonsufficient funds." *Miscellaneous Fee Schedule*, Central Pacific Bank 1 (Feb. 15, 2019), https://www.centralpacificbank.com/PDFs/Miscellaneous-Fee-Schedule.aspx.

34.    BP Credit Union likewise states: "We may charge a fee each time an item is submitted or resubmitted for payment; therefore, you may be assessed more than one fee as a result of a returned item and resubmission(s) of the returned item."

35.    Jovia provides no such disclosure, and in so doing, breaches its contracts with accountholders, engages in bad faith conduct, and deceives its accountholders.

**C.    The Imposition of Multiple Fees on a Single Item Breaches Jovia's Duty of Good Faith and Fair Dealing.**

36.     Parties to a contract are required not only to adhere to the express conditions in the contract, but also to act in good faith when they are vested with a discretionary power over the other party. In such circumstances, the party with discretion is required to exercise that power and discretion in good faith. This creates an implied promise to act in accordance with the parties' reasonable expectations and means that the Credit Union is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, the Credit Union has a duty to honor transaction requests in a way that is fair to Plaintiff and its other customers and is prohibited from exercising its discretion to pile on ever greater penalties. Here—in the adhesion agreements Jovia foisted on Plaintiff and its other customers— Jovia has provided itself numerous discretionary powers affecting customers' Credit Union accounts. But instead of exercising that discretion in good faith and consistent with consumers' reasonable expectations, the Credit Union abuses that discretion to take money out of consumers' accounts without their permission and contrary to their reasonable expectations that they will not be charged multiple fees for the same transaction.

37.     Jovia exercises its discretion in its own favor—and to the prejudice of Plaintiff and its other customers—when it defines "item" in a way that directly leads to more NSF Fees. Further, Jovia abuses the power it has over customers and their Credit Union accounts and acts contrary to their reasonable expectations under the Deposit Agreement. This is a breach of the Credit Union's implied covenant to engage in fair dealing and act in good faith.

38.     By exercising its discretion in its own favor—and to the prejudice of Plaintiff and other customers—by charging more than one NSF Fee on a single item, Jovia breaches

8

the reasonable expectation of Plaintiff and other customers and in doing so violates the implied covenant to act in good faith.

39. It was bad faith and totally outside Plaintiff's reasonable expectations for Jovia to use its discretion to assess two or three NSF Fees for a single attempted payment.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated pursuant to Federal Rule 23. The Classes include:

All persons who, within the applicable statute of limitations period, were charged multiple fees on the same item in a Jovia account (the "National Class").

All persons in the state of New York who, within the applicable statute of limitations period, were charged multiple fees on the same item in a Jovia account (the "New York Class").

41. Excluded from the Classes are Jovia and its subsidiaries, affiliates, and any entities in which it has a controlling interest, and each of the officers, directors, immediate family members, legal representatives, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

42. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

43. The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Classes. These questions predominate over questions that may affect only individual Class members because Jovia has acted on grounds generally applicable to the Classes. Such common legal or factual questions include, but are not limited to:

a) Whether Jovia improperly charged multiple fees on the same item;

b) Whether any of the conduct enumerated above violates the contract;

c) Whether any of the conduct enumerated above violates the covenant of good faith and fair dealing;

d) Whether any of the conduct enumerated above constitutes unjust enrichment; and

e) The appropriate measure of damages.

44. The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identities of whom are within the exclusive knowledge of and can be ascertained only by resort to Jovia's records. Jovia has the administrative capability through its computer systems and other records to identify all members of the Classes, and such specific information is not otherwise available to Plaintiff.

45. It is impracticable to bring Class members' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

46. Plaintiff's claims are typical of the claims of the other members of the Classes in that they arise out of the same wrongful business practices by Jovia, as described herein.

47.     Plaintiff is more than an adequate representative of the Classes in that Plaintiff has

a Jovia checking account and has suffered damages as a result of Jovia's contract

violations, Jovia's violations of the covenant of good faith and fair dealing, and Jovia's

unjust enrichment. In addition:

a)      Plaintiff is committed to the vigorous prosecution of this action on behalf of herself
        and all others similarly situated and has retained competent counsel experienced in
        the prosecution of class actions and, in particular, class actions on behalf of
        consumers against financial institutions;

b)      There is no conflict of interest between Plaintiff and the unnamed members of the
        Classes;

c)      Plaintiff anticipates no difficulty in the management of this litigation as a class
        action; and

d)      Plaintiff's legal counsel has the financial and legal resources to meet the substantial
        costs and legal issues associated with this type of litigation.

48.     Plaintiff knows of no difficulty to be encountered in the maintenance of this action

that would preclude its treatment as a class action.

49.     Jovia has acted or refused to act on grounds generally applicable to each of the

Classes, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to each Class as a whole.

50.     All conditions precedent to bringing this action have been satisfied and/or waived.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Classes)

51.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing

paragraphs as if fully set forth herein.

52.     Plaintiff and Jovia contracted for checking account services, as embodied in the

Deposit Agreement and Fee Schedule.

53.      Defendant mischaracterized in the Account Documents its true NSF Fee practices and breached the express terms of the Account Documents.

54.      No contract provision authorizes Defendant to charge more than one NSF Fee on the same item.

55.      Defendant has breached its contracts with Plaintiff and the Classes through its NSF fee policies and practices as alleged herein.

56.      Plaintiff and members of the putative Classes have performed all of the obligations on them pursuant to the Credit Union's agreements.

57.      Plaintiff and members of the putative Classes have sustained monetary damages as a result of each of Defendant's breaches.

### COUNT II
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (On Behalf of Plaintiff and the Classes)

58.      Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

59.      Plaintiff and Jovia contracted for checking account services, as embodied in the Deposit Agreement and Fee Schedule.

60.      Under New York law and the states wherein Jovia does business, a covenant of good faith and fair dealing is implied in every contract. The covenant of good faith and fair dealing constrains Defendant's discretion to abuse self-granted contractual powers.

61.      This good faith requirement extends to the manner in which a party employs discretion conferred by a contract.

62.      Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—

not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

63.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes her conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Other examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

64.     Jovia breached the covenant of good faith and fair dealing through its NSF fee policies and practices as explained herein.

65.     Each of Defendant's actions was done in bad faith and was arbitrary and capricious.

66.     Plaintiff and members of the putative Classes have performed all of the obligations imposed on them pursuant to the Deposit Agreement.

67.     Plaintiff and members of the putative Classes have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

## COUNT III
## UNJUST ENRICHMENT
## (In the Alternative to COUNT I and COUNT II)
## (On Behalf of Plaintiff and the Classes)

68.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

69.     This Count is brought solely in the alternative to Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims. Plaintiff acknowledges that her breach of contract claim cannot be tried along with unjust enrichment.

70.     To the detriment of Plaintiff and the Classes, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

71.     Plaintiff and the Classes conferred a benefit on Defendant when they paid Defendant the fees that were not disclosed or allowed for in the in the Account Documents.

72.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

73.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

74.     Plaintiff and the Classes, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

## COUNT IV
## New York General Business Law, N.Y. Gen. Bus. Law § 349 *et seq*.
### (On Behalf of the New York Class)

75.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

76.     Jovia's practice of charging more than one NSF Fee on the same item violates New York General Business Law § 349 ("NYGBL § 349").

77.     NYGBL § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the state of New York.

78.     As one of the largest Credit Unions in the United States with its headquarters and

multiple branch locations in New York, Jovia conducted business, trade or commerce

in New York State.

79.     In the conduct of its business, trade, and commerce, and in furnishing services in

New York, Jovia's actions were directed at consumers.

80.     In the conduct of its business, trade, and commerce, and in furnishing services in

New York, Jovia engaged in deceptive, unfair, and unlawful acts or practices, in

violation of N.Y. Gen. Bus. Law § 349(a), including but not limited to the following:

a.      Jovia misrepresented material facts, pertaining to the sale and/or furnishing of

banking services to the New York Class by representing and advertising that it would only assess

a single $30 NSF Fee for a single item; and

b.      Jovia omitted, suppressed, and concealed the material fact that it would charge

multiple $30 fees for a single item.

81.     Jovia systematically engaged in these deceptive, misleading, and unlawful acts and

practices, to the detriment of Plaintiff and members of the New York Class.

82.     Jovia willfully engaged in such acts and practices, and knew that it violated NYGBL

§ 349 or showed reckless disregard for whether they violated NYGBL § 349.

83.     As a direct and proximate result of Jovia's deceptive trade practices, members of

the New York Class suffered injury and/or damages, including multiple $30 NSF fees

charged on a single item, additional charges due to their improperly reduced balances,

and the loss of the benefit of their respective bargains with Jovia.

84.     Had Plaintiff known she could be charged more than one NSF fee on a single item,

she would have made different payment decisions so as to avoid incurring such fees or

moved her funds to a different Credit Union.

85.     As a result of Jovia's violations of NY GBL § 349, Plaintiff and members of the putative Classes have paid and will continue to pay excessive fees to Jovia. Accordingly, they have suffered and will continue to suffer actual damages.

86.     Accordingly, Plaintiff and New York Class members are entitled to relief under N.Y. Gen. Bus. Law § 349(h), including, but not limited to, actual damages, treble damages, statutory damages, injunctive relief, and/or attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, demands a jury trial on all claims so triable and judgment as follows:

A.     Certifying the proposed Classes pursuant to Federal Rule of Civil Procedure 23, appointing the Plaintiff as representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the Classes;

B.     Declaring that Jovia's policies and practices as described herein constitute a breach of contract and a breach of the covenant of good faith and fair dealing or unjust enrichment;

C.     Enjoining Jovia from the wrongful conduct as described herein;

D.     Awarding restitution of all fees at issue paid to Jovia by Plaintiff and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

E.     Compelling disgorgement of the ill-gotten gains derived by Jovia from its misconduct;

F.     Awarding actual and/or compensatory damages in an amount according to proof;

G.     Awarding pre-judgment interest at the maximum rate permitted by applicable law;

H.      Reimbursing all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs, and expenses, pursuant to applicable law and any other basis; and

I.      Awarding such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated:  September 10, 2020.

**Shamis & Gentile, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
NY Bar No. 5195185
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*