UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
BELINDA SMITH, on behalf of herself
and all others similarly situated,

                Plaintiff,

  -against-

JOVIA FINANCIAL CREDIT UNION,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-CV-04237 (FB) (ST)

**BLOCK, Senior District Judge:**

    On August 24, 2021, Magistrate Judge Steven L. Tiscione issued a Report and Recommendation ("R&R") recommending that defendant's motion to dismiss be granted in part and denied in part.

    Specifically, Magistrate Judge Tiscione recommended that defendant's motion be granted for plaintiff's claims for breach of implied covenant of good faith and fair dealing and for unjust enrichment. He concluded that plaintiff's claim for breach of implied covenant of good faith and fair dealing is duplicative of the breach of contract claim and should be dismissed. ECF 28 at 12. He also concluded that plaintiff's claim for unjust enrichment is precluded by the existence of an enforceable contract and should be dismissed. ECF 28 at 13. Magistrate Judge Tiscione further recommended that defendant's motion be denied for plaintiff's

1

claims for breach of contract and for deceptive acts or practices under N.Y. GBL § 349. He concluded that because the meaning of the term "item" is ambiguous, the breach of contract claim should not be dismissed. ECF 28 at 9. Because of that ambiguous term, defendant did not show there is no "materially misleading" conduct. ECF 28 at 14-15. Therefore, the GBL § 349 claim should not be dismissed.

Magistrate Judge Tiscione's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. No objections were filed.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review.

**SO ORDERED.**

                                                   /S/ Frederic Block
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
September 14, 2021